UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NO.:    3:17-cv-02715-CMC

| | | |
|---|---|---|
| MARY BRASSARD | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF THE ARMY | ) | |
| | ) | |
| DEFENDANT | ) | |

## **COMPLAINT**

COMES NOW, Mary Brassard, hereinafter known as Plaintiff, and files her Tort Claims Act Complaint against United States of America for torturous acts committed by the Department of the Army as more fully set forth herein:

### **PARTIES, JURISDICTION AND VENUE**

1.    At all times relevant to this Complaint Plaintiff Mary Brassard was a citizen resident of the state of South Carolina and resided in Richland County, South Carolina.

2.    Upon information and belief, the United States is a proper defendant under the provisions of 28 U.S.C. § 1346 (the Federal Tort Claims Act), hereinafter referred to as the FTCA. Pursuant to the FTCA, the United States is subject to suit "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

1

3.     This court has jurisdiction of the matter pursuant to 28 U.S.C. § 1346(b)(1).

4.     The acts and omissions which are the subject of this complaint occurred in the District of South Carolina, in Richland County, South Carolina at Fort Jackson.

## FACTUAL ALLEGATIONS

5.     Fort Jackson is one of the largest and most active initial entry training centers in the United States Army, training over half of the men and women entering the Army each year.

6.     The United States Army provides security for its bases including Fort Jackson.

7.     One of the security measures at Fort Jackson is a metal strip located at the entrance and exit gates for the Fort Jackson base.

8.     The strip is intended to prevent unauthorized vehicles from entering the Fort.

9.     The strip is intended to allow the exit of vehicles from the Fort without damaging the vehicle and its tires.

10.     On the date relevant to this complaint, the security strip malfunctioned and punctured the tires of Plaintiff's vehicle. Plaintiff was unaware of the puncture and damage to her tires until she was attempting to travel back to Fort Jackson from her errand.

11.     On January 3, 2013, Plaintiff, Mary Brassard, left her place of employment at Fort Jackson, South Carolina to travel to a retail establishment off Clemson Road.

12.     She exited Fort Jackson's Gate #1 to travel to a business located at or near Clemson Road.

13.     As she exited the gate, the security strip which was in place to prevent unlawful and unauthorized access to Fort Jackson malfunctioned causing damage to all of the tires on Plaintiff's vehicle.

14.     Initially, Plaintiff was unaware of the damage to her vehicle tires.

2

15.     Plaintiff traveled about 10 to 15 minutes to a retail establishment to transact business with the retail establishment.

16.     She was in the retail establishment for only a few minutes.

17.     When she exited the retail establishment and approached her vehicle she did not notice that one or more of her tires were damaged and deflated.

18.     When she exited the retail establishment she entered her vehicle and drove toward the access point to Clemson Road. As she drove toward Clemson Road, she noticed something wrong with her vehicle. After gaining access to Clemson Road with the intent to travel back to Fort Jackson, she pulled into the median to investigate the problem.

19      Plaintiff pulled into the median of Clemson Road, exited her vehicle and noticed that one of her tires was flat or severely deflated.   She was unaware that the other tires were also damaged.

20.     Plaintiff attempted to correct the tire problem by changing the tire and placing a "spare tire" onto her vehicle.

21.     As the Plaintiff attempted to dislodge the lug nuts that secured the tire to the axle, Plaintiff felt a significant, uncomfortable feeling in her back as she attempted to use a lug nut wrench to loosen the bolt.   She was unsuccessful in loosening the lug nut bolt.

22.     Plaintiff herniated a disc in her back as she attempted to loosen the lug nut on the wheel rim that was attached to the axle.

23.     When Plaintiff attempted to change her tire on the vehicle, she injured her back as she was straining and exerting great energy to dislodge a lug nut that secured the rim to the axle on her vehicle.

3

24.     After the incident, Plaintiff sought medical care and ultimately had surgery to repair the herniated disc.

25.     The injury sustained by the Plaintiff as she attempted to change he tire that was damaged by the security strip at Fort Jackson, it was foreseeable that the security strip malfunction would cause damage to tires and it was further foreseeable that those persons suffering damage to their tires would attempt to change the tires and replace the damaged tire with a spare tire.

26.     As a result of the injury, Plaintiff has and will in the future suffer pain and suffering, emotional distress, anxiety, fear, loss of enjoyment of life, disfigurement, permanent impairment, has and will in the future suffer medical expenses for her medical care, has and will in the future suffer lost wages as a result of the injuries and damages sustained, has and will in the future suffer loss of quality of life, has and will in the future suffer loss of enjoyment of life, and has and will in the future suffer permanent impairment and for such other damages that may be proven at the trial in this matter.

### FIRST CAUSE OF ACTION
**(Negligence and/or Gross Negligence as to the United States of America)**

27.     Plaintiff re-alleges her previous allegations as though fully set forth herein.

28.     The United States, by and through the Department of the Army owed a duty to Plaintiff and others entering and exiting Fort Jackson to properly construct, maintain, monitor, operate and otherwise safely manage the security strips at the several gates that allowed egress and ingress to Fort Jackson.

29.     The United States, by and through the Department of the Army failed to provide for the safety of those who used the Gate #1 as a point of egress and ingress for Fort Jackson by failing to properly construct, maintain, monitor, operate or otherwise safely manage the security strips.

4

30.     Prior to the Plaintiff damaging her tires when the security strips failed, the Department of Army knew or should have known that the security strips were malfunctioning causing significant damage to numerous vehicles that were using the gate to ingress and egress Fort Jackson.

31.     Despite their knowledge, the Department of Army failed to warn the public of the security strip failures and allowed numerous vehicles to become damaged as a result of the security strip failure.

32.     After Plaintiff's vehicle was damaged thereby causing Plaintiff's personal injury, the Department of Army notified the Plaintiff and other similarly situated of the security strip failure.

33.     Per the United States Army's request, the Plaintiff provided to the Department of Army the tires from her vehicle, all of which evidenced damage consistent with the damage caused by the malfunctioning security strip. The United States Army retained the damaged tires.

34.     The United States Army breached its duty to the Plaintiff in one or more of the following ways:

(a) In failing to reasonably and properly install the security strips located at the gate the Plaintiff used to exit Fort Jackson;

(b) In failing to reasonably and properly inspect the security strips once the strips were installed;

(c) In failing to reasonably and timely repair the security strips when they malfunctioned;

(d) In failing to reasonably and timely act upon reports of the security strips malfunction;

(e) In failing to adequately maintain the security strips;

5

(f) In failing to perform routine inspections and maintenance of the security strips which would have provided to the Department of Army knowledge of their failure and their danger to persons similarly situated;

(g) In failing to have policies and procedures in place for routine maintenance and reasonable repair of the security strips.  If such policies and procedures regarding routine maintenance and repair existed, then the defendant failed to adhere to these policies and procedures;

(h) In ignoring reports that the security strips were malfunctioning and causing damage to vehicles ingressing and egressing Fort Jackson;

(i) In failing to timely act upon actual notice of the danger caused by the security strip failure;

(j) In failing to properly construct, maintain, monitor, operate and otherwise safely manage the security strips.

35.     As a direct and proximate result of defendant's acts or omissions, Plaintiff's vehicle tires were severely damaged as Plaintiff traveled over the security strips upon her exiting Fort Jackson. The damage to the tires caused the tires to become flat or severely deflated requiring the Plaintiff to change the tires so as to allow her to safely operate her vehicle.   Plaintiff's attempt to change the tires that were flat or severely deflated resulted in Plaintiff injuring her back as she attempted to loosen the lug nuts.

36.     Plaintiff's injury was foreseeable in that the Department of the U.S. Army knew or should have known that the improperly installed and/or maintained security strips would cause damage to vehicle tires that passed over the security strip.

6

37.     As result of a the acts and omissions of the Department of Army, Plaintiff has and will in the future sustain and incur medical bills, lost wages, pain, suffering, fear, anxiety, permanent impairment, loss of earning capacity, permanent loss of the enjoyment of life, permanent loss of the quality of life, the necessity of future medical care and ongoing medical expenses, and depression.

38.     As a result of the acts and omissions of the Department of the Army, Plaintiff is entitled to receive her actual damages in such amount as this court may deem just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court Order judgment against United States of America in such an amount as this Court may determine proper, for reasonable costs associated with this action, as well as any other interest and fees to which Plaintiff and/or Plaintiff's counsel may otherwise be entitled, and for all other relief in law and equity which this court deems just and proper.

Respectfully submitted this 6th day of October, 2017.

Respectfully Submitted,

REEVES AND LYLE, LLC


s/ Paul L. Reeves
Paul L. Reeves
Federal I.D. No.: 3231
PO Box 11126
Columbia, South Carolina 29211
Office:          803-929-0001
Facsimile:       803-929-0927
paul@reevesandlyle.com
Attorney for Plaintiff